2014 UT App 290

# THE UTAH COURT OF APPEALS

ESTATE OF BRETT R. REITZ AND VALORIE Y. SHIMODA,
Petitioners,
*v.*
LABOR COMMISSION, HILTI INC., AND ACE
AMERICAN INSURANCE,
Respondents.

Memorandum Decision
No. 20130373-CA
Filed December 11, 2014

Original Proceeding in this Court

Sandra N. Dredge, Attorney for Petitioners

Jaceson R. Maughan, Attorney for Respondent
Labor Commission

Lori L. Hansen and Cody G. Kesler, Attorneys for
Respondents Hilti Inc. and Ace
American Insurance

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and STEPHEN L.
ROTH concurred.

CHRISTIANSEN, Judge:

¶1     Valorie Y. Shimoda and the Estate of Brett R. Reitz
(collectively, Petitioners) seek judicial review of the Utah Labor
Commission's decision denying workers' compensation benefits
pursuant to Utah's Workers' Compensation Act. We decline to
disturb the Commission's decision.

¶2     On May 31, 2007, while employed by Hilti Inc., Brett Reitz
was injured after falling from a ladder. Nearly two years later,

Reitz filed an application for hearing with the Commission claiming entitlement to various workers' compensation benefits, but he passed away before his claim could be adjudicated. After Reitz's death, Shimoda continued to pursue Reitz's pending claims for workers' compensation benefits on behalf of the estate and also filed a claim for dependent and burial benefits. Each of these claims requires a showing that the industrial accident was the medical cause of the harm for which the claimant is seeking benefits. *See* Utah Code Ann. §§ 34A-2-401(1), -423(2), -702(5) (LexisNexis 2008). The Administrative Law Judge (the ALJ) consolidated all claims and, after holding an evidentiary hearing, referred the medical aspects of Petitioners' claims to a panel of medical experts.

¶3      The medical panel evaluated Reitz's injuries and prepared a report detailing its findings.[1] Based on the medical panel's report, the ALJ dismissed Petitioners' claims. Specifically, the ALJ found that Reitz had "suffered a temporary aggravation of his pre-existing back problems as the result of the May 31, 2007 industrial accident" but "became medically stable on October 15, 2007, with no permanent impairment." Consequently, the ALJ determined that Reitz's death "was not medically caused by the [May 31, 2007] industrial accident."

¶4      Petitioners appealed the ALJ's order to the Commission. The Commission adopted the ALJ's findings of fact. Like the ALJ, the Commission relied heavily on the medical panel's report and concluded that Petitioners "failed to establish the requisite medical causal connection between Mr. Reitz's work accident and his medical problems after October 15, 2007." Accordingly, the Commission affirmed the ALJ's denial of benefits. Petitioners filed a motion requesting reconsideration of the Commission's decision denying Petitioners' claims. The Commission denied Petitioners' motion for reconsideration.

---

1. After submitting its initial report, the medical panel subsequently clarified its opinion on three separate occasions. None of the clarifications changed the panel's ultimate conclusion.

¶5     On review before this court, Petitioners argue that the "clear weight of the record" undermines the Commission's factual determination that no medical causation linked Reitz's industrial accident to his declining health after October 15, 2007, and his eventual death. Medical causation is an issue of fact. *Chase v. Industrial Comm'n*, 872 P.2d 475, 479 (Utah Ct. App. 1994). "We must uphold the Commission's factual findings if such findings are supported by substantial evidence based upon the record as a whole." *Migliaccio v. Labor Comm'n*, 2013 UT App 51, ¶ 7, 298 P.3d 676 (citation and internal quotation marks omitted); *accord* Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011); *Murray v. Labor Comm'n*, 2013 UT 38, ¶ 19, 308 P.3d 461. The Commission's decision is supported by substantial evidence if "a reasonable mind might accept as adequate the evidence supporting the decision." *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 35, 164 P.3d 384 (citation and internal quotation marks omitted). This is true "even if another conclusion from the evidence is permissible." *See Larson Limestone Co. v. Division of Oil, Gas & Mining*, 903 P.2d 429, 432 (Utah 1995).

¶6     As a starting point for analyzing Petitioners' claims, the Commission summarized the "host of physical and emotional problems" from which Reitz had suffered and that predated his industrial accident, some of which began when he was four years old. These conditions included "pain in [Reitz's] back, neck, and extremities, headaches, abdominal pain and vomiting, episodes of explosive anger, and periods of abuse of alcohol and drugs." The Commission also found that Reitz had been "involved in multiple accidents, including falling off a cliff, falling through a staircase, and several motor vehicle accidents," and, after his industrial accident, had "continued to receive frequent medical attention for his various on-going problems, such as injuries from another motor vehicle accident, sleep apnea, respiratory infections, depression, and vomiting."

¶7     Next, the Commission observed that the ALJ referred Reitz's case to an impartial medical panel because the physicians who

treated Reitz immediately following his accident and those who examined him on behalf of Hilti Inc. "expressed contradictory opinions as to the causal connection, if any, between Mr. Reitz's work accident of May 31, 2007, and his subsequent medical problems and death." The medical panel, consisting of medical specialists in psychiatry and pain management, reviewed approximately 1,900 pages of Reitz's medical and legal records, including records from seventy-five health care providers. Although the medical panel found that trauma incurred in Reitz's industrial accident "may have aggravated chronic recurring low back pain," the panel ultimately concluded that Reitz's condition became "medically stable" as of October 15, 2007. The panel further concluded that the medical care Reitz received after October 15, 2007, was not strictly necessary to treat his condition as the result of the industrial accident, stating, "Medical care was necessary because [Reitz's] multiple underlying medical problems persisted, progressed, and were compounded by new injuries, but not because of the May 31, 2007 industrial accident." The panel concluded that Reitz's death

> was likely the result of a cardiac arrhythmia due to an acute electrolyte imbalance due to an episode of persistent vomiting. Headaches with vomiting were a long-term problem for [Reitz], probably because of Chiari Malformation or a migraine disorder. Headaches with vomiting may have accompanied back pain, *but they were not caused by the abrasions and contusions to the back and extremities caused by the ladder fall of May 31, 2007.*

(Emphasis added.) The Commission indicated that it was "persuaded by the report of the independent medical panel," noting that the panel was "impartial, with no ties to claimants or respondents"; was "comprised of specialists in psychiatry and pain management—appropriate in light of Mr. Reitz's complicated and chronic pain complaints"; and had "reviewed Mr. Reitz's entire medical history."

¶8     Petitioners assert that while the medical panel "opined that the industrial accident was not the cause of [Reitz's] death, . . . the panel's opinion was not weighed against the clear weight of all of the other evidence the ALJ had before her." However, the evidence referred to by Petitioners consists primarily of the same conflicting medical opinions that prompted the ALJ to refer Reitz's case to the medical panel. When Petitioners presented this conflicting evidence on appeal to the Commission, the Commission weighed the conflicting evidence but nevertheless determined that "neither Petitioners' own opinions nor the selective opinions of Mr. Reitz's treating physicians [overcame] the medical panel's authoritative analysis." The Commission thus concluded that "[n]othing in Petitioners' current submissions alter[ed] the Commission's foregoing opinion" that "no medical causal connection ha[d] been established between [Reitz's] work accident and his medical problems after October 15, 2007."

¶9     This court will not "reweigh the evidence and substitute our conclusion for that of the Commission." *Migliaccio*, 2013 UT App 51, ¶ 7 (citation and internal quotation marks omitted). "Instead, we defer to the Commission's findings because, when reasonably conflicting views arise, it is the Commission's province to draw inferences and resolve these conflicts." *Id.* (citation and internal quotation marks omitted). We conclude that a reasonable mind could accept as adequate the medical panel report and other evidence supporting the Commission's factual findings and decision, *see Martinez*, 2007 UT 42, ¶ 35, "even if another conclusion from the evidence is permissible," *see Larson Limestone*, 903 P.2d at 432. The Commission's decision is therefore supported by substantial evidence, and we decline to disturb it.

———————